IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES III TRUST, | § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2614-S-BN |
| | § | |
| TRAVIS MONTELL PATRICK a/k/a DAVID MILLS a/k/a SKYLINE TRUST and ALL OCCUPANTS OF 5170 SKYLINE DRIVE, FRISCO, TEXAS 75034, | § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant U.S. Bank Trust National Association as Trustee of the Tiki Series

III Trust (U.S. Bank) filed a complaint for forcible detainer in a Denton County, Texas

justice court. On October 21, 2021, a party identified as Alex Myers and All Occupants

again removed the Denton County forcible detainer suit to the Dallas Division of the

Northern District of Texas, again claiming that the state court suit is removable

under the Court's diversity jurisdiction. *See* Dkt. Nos. 3, 4.

This removal occurred one week after the Court's *sua sponte* remanding to

state court the initial removal of this action after finding jurisdiction lacking. *See*

*U.S. Bank Trust Nat'l Ass'n as Tr. of Tiki Series III Tr. v. Patrick*, No. 3:21-cv-2306-

S-BN, 2021 WL 4864868 (N.D. Tex. Oct. 14, 2021), *accepting, over defendants'*

*objections, the findings, conclusions, and recommendation of the magistrate judge,*

2021 WL 4876272 (N.D. Tex. Sept. 30, 2021) (*Patrick I*).

Given this procedural history, Chief Judge Barbara M. G. Lynn reassigned the subsequent removal to United States District Judge Karen Gren Scholer and the undersigned United States magistrate judge (the court in *Patrick I*). *See* Dkt. No. 7. And this removal is now again before the undersigned for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Judge Scholer.

The removing parties point to no material change in the state court action between the initial removal (and remand) and now. So, as the Court previously explained,

> "[a] defendant who wants to remove a civil action from a state court to a federal district court must 'file in the district court of the United States for the district and division within which such action is pending a notice of removal.'" *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (quoting 28 U.S.C. § 1446(a); emphasis omitted). Indeed, the general venue statute, 28 U.S.C. § 1391 "has no application to a removed action. Venue of removed actions is governed by 28 U.S.C. § 1441(a)." *Mello Hielo Ice, Ltd. v. Ice Cold Vending, LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *6 (N.D. Tex. Jan. 11, 2012) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)); *accord Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51-52 (5th Cir. 2012) (per curiam).
>
> "In relevant part, § 1441(a) states that a civil action may be removed 'to the district court of the United States for the district and division embracing the place where such action is pending.'" *Ashton v. Knight Transp., Inc.*, No. 3:09-cv-759-B, 2009 WL 2407829, at *2 (N.D. Tex. Aug. 6, 2009); *accord Mello Hielo Ice*, 2012 WL 104980, at *6.
>
> So the state action then pending in Denton County should have been removed to the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).
>
> And, where venue is laid "in the wrong division or district," the Court may, "in the interest of justice transfer such case to any district or division in which it could have been brought," 28 U.S.C. § 1406(a), and a district court may raise the issue of venue *sua sponte*, *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). As the United States Court of Appeals for the Fifth Circuit has instructed, where

"there is no doubt that the district court ha[s] subject matter jurisdiction," "removal to the wrong division is procedural, not jurisdictional," and a district should accordingly "transfer[] the case to the [correct] division under the authority of 28 U.S.C. § 1406(a)." *Kreimerman*, 22 F.3d at 645 (citations omitted)); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996) ("Error in the venue of a removed action does not deprive the district court of subject matter jurisdiction requiring remand of the case." (citing *RTC v. Sonny's Old Land Corp.*, 937 F.2d 128, 130 (5th Cir. 1991))).

But, here, the lack of subject matter jurisdiction is apparent; thus, the interest of justice would not be served by transfer under Section 1406(a). *See Wells Fargo Bank v. Hollingsworth*, No. 3:15-cv-2568-N-BN, 2015 WL 5325643, at *2 (N.D. Tex. Aug. 6, 2015), *rec. accepted*, 2015 WL 5430174 (N.D. Tex. Sept. 14, 2015).

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332; *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).

So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). And "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Diversity jurisdiction is the sole basis for subject matter jurisdiction asserted here. And, in cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*,

432 U.S. 333, 347 (1977)).

The removing party argues correctly that "[t]he amount in controversy is the value of the object of the litigation," and then asserts that "[t]he subject property has a current fair market value of $350,000.00 according to the Denton Central Appraisal District." Dkt. No. 3 at 2 (citation omitted). But the full value of the subject property is not the object of U.S. Bank's forcible detainer action. Instead,

[a] forcible detainer action only seeks *possession* of property. Ownership of the home is not a matter in controversy in an eviction suit. As one Texas Court of Appeals noted:

The primary object of a [forcible entry and detainer or forcible detainer] suit is a recovery of possession. The primary issue is a right to possession. There may be joined in said suit a cause of action to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the justice court. Rule 738, Texas Rules of Civil Procedure. However, this is rent as such and not damages for wrongful withholding of the premises or other benefits accruing to the appellees under the contract.

*Dews v. Floyd*, 413 S.W.2d 800, 805, 413 S.W.2d 800 (Tex. Civ. App. 1967, writ dism'd); *see also Hart v. Keller Props.*, 567 S.W.2d 888, 889, 567 S.W.2d 888 (Tex. Civ. App. 1978) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value."). Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law. *See* TEX. PROP. CODE ANN. § 24.001, *et seq.*

*U.S. Bank Nat'l Ass'n v. Spence*, No. 4:13CV245, 2013 WL 1856032, at *2 (E.D. Tex. May 1, 2013).

The removing party, the party invoking federal jurisdiction, has therefore failed to establish jurisdiction under Section 1332 by demonstrating that the object of the state lawsuit exceeds $75,000 in value.

*Patrick I*, 2021 WL 4876272, at *1-*3.

In addition to again remanding this matter to state court, the Court should find that the baseless second removal of this action is malicious. *Cf. Amrhein v.*

*United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) ("A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." (citing, as applicable, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993))); *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))).

Finding so, the Court should WARN the removing parties that further removals will result in **a monetary sanction of at least $2,000 per removal**, an amount that the undersigned does find at all excessive given (1) that the removing parties have already paid $804 to baselessly remove this action twice and (2) that, in this action, U.S. Bank has incurred attorneys' fees through its filing of its Emergency Motion for Immediate Remand due to Defendants' Ongoing Repeated Fraud on the Court [Dkt. No. 6].

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008)

(quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

## Recommendation

The Court should *sua sponte* remand this action to the Denton County, Texas justice court from which it was removed and issue an appropriate sanctions warning based on this malicious second removal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE